# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DELWRICK D. COLEMAN**  
ADC #656538                                                                                    **PLAINTIFF**

v.                          Case No. 3:18-cv-00146-KGB-JTK

**BALLARD,** *et al*.                                                                          **DEFENDANTS**

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 5). After a review of the Proposed Findings and Recommendations, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in part (*Id*.). The Court adopts the merits of the Proposed Findings and Recommendations but instead dismisses without prejudice the claims.

Plaintiff Delwrick Coleman filed this *pro se* civil rights action under 42 U.S.C. § 1983, based on an incident that allegedly occurred while he was incarcerated (Dkt. No. 1). Judge Kearney screened Mr. Coleman's complaint as authorized by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a), finding that Mr. Coleman failed to state claims upon which relief may be granted against defendants (Dkt. No. 5, at 1-3). Specifically, Judge Kearney found that the racially derogatory statements allegedly made by the individual defendants did not rise to the level of a constitutional violation (*Id*., at 4). Further, Judge Kearney found that separate defendant Jonesboro Jail is not considered a "person" under § 1983 and is therefore not suable under that statute (*Id*.).

The Court overrules Mr. Coleman's objections. In his objections, Mr. Coleman argues that his complaint should not be dismissed because "Defendant Ballard in fact did make an

improper racial comment to me along with two paper photo etc at which one stated head Negro Corner, Arkansas and the 2nd one was advertisement card for the []Great Negro Mart both of these paper etc was p[r]inted out on 7/3/18 . . . ." (Dkt. No. 7, at 2). It is well settled that the use of derogatory language will not, by itself, violate a prisoner's constitutional rights. *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (citations omitted) ("[T]he use of racially derogatory language, unless it is pervasive or severe enough to amount to racial harassment, will not by itself violate the fourteenth amendment."). Likewise, the alleged actions by the individual defendants are reprehensible, but they are not "pervasive or severe" enough to constitute a violation of Mr. Coleman's constitutional rights. Furthermore, the Court agrees with Judge Kearney's finding that the Jonesboro Jail is not a suable entity under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such.").

It is, therefore, ordered that:

1. Mr. Coleman's claims against defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Mr. Coleman's complaint is dismissed without prejudice (Dkt. No. 1).

3. Dismissal of this action constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certifies that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

An appropriate Judgment shall accompany this Order.

It is so ordered, this 19th day of December, 2019.

_____
Kristine G. Baker
United States District Judge